**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4472**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMARIO LAMAR BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:16-cr-00553-RDB-1)

Submitted: August 20, 2018                                    Decided: August 31, 2018

Before TRAXLER and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Christina A. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demario Lamar Brown appeals from his 60-month sentence, imposed pursuant to a jury verdict convicting him of a heroin conspiracy. On appeal, Brown challenges the district court's finding that he was ineligible for the sentencing safety valve provision in 18 U.S.C. § 3553(f) (2012). We affirm.

Application of the safety valve under § 3553(f) is a question of fact that we review for clear error. *United States v. Henry*, 673 F.3d 285, 292 (4th Cir. 2012). "This standard of review permits reversal only if [we are] left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). In conducting such a review, we afford "the district court's credibility determinations great deference." *Id.*

To be eligible for relief under the safety valve provision, a defendant must show the following five elements:

> (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or possess a firearm in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and (5) no later than the time of sentencing, the defendant truthfully provided the government with all evidence and information the defendant had concerning the offense or offenses comprising the same course of conduct or a common scheme or plan.

*Id.* at 292-93 (noting that the safety valve "requires broad disclosure from the defendant"); 18 U.S.C. § 3553(f). The burden of proof lies with the defendant to show that he has met each element. *United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012). The parties agreed that the first four prongs of the safety valve requirement were met, but disputed whether Brown has satisfied the fifth requirement.

2

We find that the district court did not clearly err in finding Brown's trial testimony not credible. Brown's testimony denying any involvement in drug trafficking was contradicted by his earlier statements, the testimony at trial concerning the searches of his house and car, the testimony at trial regarding his coded text messages, and the jury's verdict. The district court's justification for finding Brown not credible does not leave this court "with the definite and firm conviction that a mistake has been committed." *See Henry*, 673 F.3d at 292. Thus, the district court did not err in finding Brown ineligible for the safety valve provision.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*